FILED
IN CLERKS OFFICE

2023 MAY -1 PM 2: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No
UNITED STATES DISTRICT COURT
~~EASTERN~~ DISTRICT OF ~~PENNSYLVANIA~~ MASSACHUSETTS

Friedrich Lu, Plaintiff

v

Paul V Kastner, Kastner Realty Trust, ___ Enright, and Jody L Goodman Dinan, Defendants

COMPLAINT

(1)   The court has subject matter jurisdiction over this matter under 28 USC §§ 1331.

(2)   Paul V Kastner and Kastner Realty Trust owns and resides in 219 West Canton Street, #1, Boston, MA. After City of Boston fined him, he turned ugly and forbade plaintiff Friedrich Lu to sort recyclables on the same side of Private Alleyway 546. Lu gave an oblique look at his property line and replied, "Your property ends there." Enraged and true to his words, Kastner repeatedly called City to remove Lu whenever Lu sorted on his side of the alley. Further, he asked then next-door neighbor Christopher B Primiano to discontinue allowing Lu to use Primano's parking lot for the same. Every now and then afterwards, Kastner pulled out a barrel -- Primano had bought and given Lu for storage a barrel which stayed on Primano's parking space -- right before trash trucks came, so that Lu would lose his properties. On May 27, 2021 (without notice to Lu before or after) Kastner dragged out the barrel for the last time -- for *disposal*.

(3)
(a)   Refusing to identify himself by name, ___ Enright lives in 8 Yarmouth St #3 Boston MA 02116, whose vehicle carries license plate Massachusetts 8ZP 769 and who is believed to be son of William Enright and Rosanne M Wertmore. (Alleyway 546 is in between the backs of Yarmouth Street and West Canton Street.) Enright -- without property right to a parking space of another resident in the same building, or having the right to enforce that right assigned to him -- repeatedly harassed Lu, culminating in calling City on Apr 28, 2923 to prevent Lu from using that space. When Boston police officer (badge #2299) arrived and Lu challenged Enrifgght's

standing, Enright colluded with the officer who allowed Enright to remain anonymous. Lu was forced to leave that parking space. Jody L Goodman Dinan did the same before Enright.

(b)  Not to mention that City of Boston (as well its police force) has no role in civil disputes among civilians/ private parties.

(4)  Lu thought of commencing civil action(s) in Massachusetts state court under Mass Gen Laws chap 258E for injunctive relief alone (against any of the defendants), as instructed by *Ilan I v Melody M* (Mass.App.Ct. 2019) 96 Mass.App.Ct. 639, 640, 138 N.E.3d 390 (258E "requests for harassment prevention orders are filed as stand-alone proceedings"). (Or, Lu hopes to include 258E as another count in this Complaint, which *Ilan* discouraged.) However, Lu was worried about claim preclusion, which has not been discussed in *Ilan* or other appellate decisions.

(5)  Count One: 42 USC § 1983 (against all defendants). Based on the same set of fact in the previous paragraph, the same state actors deprive Lu of rights secured by Due Process Clause of the Fourteenth Amendment to federal constitution.

(6)  Count Two: 42 USC § 1983. *Ilan* is unconstitutional for being vague. Massachusetts attorney general will be served with the instant complaint.

(7)  Count Three (against Kastner): intentional interference of with contractual right under Massachusetts general law.

(8)  Count Four: theft of property under Massachusetts common law (Kastner).

(9)  Lu demands jury trial (whereable), punitive damage, injunctive relief and court cost.

Plaintiff:     Friedrich Lu, pro se
Date:          May 1, 2023
Email address: chi2flu@gmail.com
Address:       % St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112

USMS SCREENED