UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL V. KASTNER, KASTNER REALTY TRUST, ENRIGHT, and JODY L. GOODMAN DINAN,<br><br>    Defendants. | Civil Action No. 1:23-cv-10951 |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Defendant Enright's motion to dismiss Plaintiff Friedrich Lu's complaint for violations of 42 U.S.C. § 1983, interference with a contractual right, and theft of property. [ECF No. 1]. For the reasons stated below, Defendant's motion, [ECF No. 6], is GRANTED.

I.   **BACKGROUND**

"Lu is a frequent litigant, filing at least 40 cases in this court against various public and private parties over a period of more than 20 years." Lu v. Budd, 546 F. Supp. 3d 9, 10 (D. Mass. 2021). On March 29, 2002, another session of this court in one of those cases ordered that Plaintiff "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order." Lu v. Harvard University et al., No. 00-cv-11492, ECF No. 49 at 17 (Mar. 29, 2002) ("March 2002 Order").

Here, in violation of that order, Lu did not file a certification or a copy of the March 2002 Order when he filed this action on May 1, 2023.  See [ECF No. 1].

On June 16, 2023, Defendant Enright moved to dismiss under, among other grounds, Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.  [ECF No. 7 at 3–5].  On June 23, 2023, the Court ordered Plaintiff to "show cause why [he should] not be sanctioned with dismissal of this action against all defendants for failure to comply" with the March 2002 Order.  [ECF No. 9].  Plaintiff responded that

> [h]ere we are again.  Lu reiterates [1] that the *Order* does not exist; [2] that said *Order* is not part of the record of this case; [3] that Fed Rule Evid 201 does not permit this judge to take judicial of the *Order*; [4] that even if the *Order* exists, Wolf, J, is the one (judge), not Burroughs, J, that should address the purported violation of *his* (Wolf's) *Order*; and [5] that Supreme Court has time and again held that contempt does not lead to dismissal.

[ECF No. 12 (emphasis in original)].

## II.    LEGAL STANDARD

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  "Dismissal under Rule 41(b) requires consideration of several factors, including, 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'"  Budd, 546 F. Supp. 3d at 10 (quoting Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (quoting Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006) (internal quotation omitted))).

III.     ANALYSIS

All of the Malot factors weigh in favor of dismissal under Rule 41(b) in this case. Most significantly, Lu has made no effort to comply with the March 2002 Order and when the Court gave him the opportunity to do so, he feigned ignorance and argued the Order does not apply.[1] [ECF No. 12]; see Budd, 546 F. Supp. 3d at 11 ("Because of his continued violations of the March 2002 Order, this action will be dismissed with prejudice. Almost every factor cited in Malot cuts in favor of enforcing the sanction of dismissal. . . . Lu has disregarded the March 2002 Order, without excuse, in multiple cases; lesser sanctions, including warnings and fines, have had no effect; and his failure to follow the order is obviously willful given the repeated warnings received."). Accordingly, Lu's complaint, [ECF No. 1], is dismissed with prejudice.

Moreover, in light of Lu's repeated disregard for the March 2002 Order, it is ordered as follows:[2]

---

[1] "It is clear that Lu has made no effort to comply with the March 2002 Order. Furthermore, it appears that he has failed to do so in other cases." Budd, 546 F. Supp. 3d at 10 (citing Lu v. Clarke, No. 20-cv-12010, 2021 WL 783964, at *1 (D. Mass. Feb. 26, 2021) (noting that Lu offered no excuse for his non-compliance with the March 2002 Order)); Lu v. Capitol Waste Servs., Inc., No. 19-cv-11458, 2019 WL 8756875, at *1 (D. Mass. Sept. 19, 2019) (dismissing case with prejudice where Lu violated the March 2002 Order by failing to file a certification or copy of the Order); Lu v. Niles, No. 16-cv-12220, 2017 WL 3027251, at *2 (D. Mass. July 17, 2017) (noting that "[i]n light of Lu's continued recalcitrance in the face of multiple warnings, defendant would have a strong argument that the harsh sanction of dismissal under Rule 41(b) should be imposed") (internal quotation omitted); Lu v. Menino, 98 F. Supp. 3d 85, 107–09 (2015) (finding that Lu failed to comply with the March 2002 Order in at least two prior cases, including one in which he was fined $500 for failing to comply, and warning that "[i]n the event plaintiff continues to violate the March [2002] Order by filing a complaint in this district without attaching the March [2002] Order and without complying with the certification requirement, he is advised that such conduct may result in a sanction, including a monetary sanction or a stricter bar to filing cases in this district")).

[2] The Court does not take the enjoinment of a litigant likely, and notes that other sessions of this Court have imposed similar requirements as the ones set forth in this order. See, e.g., Shushean Wong v. Massachusetts, No. 22-cv-11694, ECF No. 23 (D. Mass. May 24, 2023).

1. Friedrich Lu is hereby enjoined from filing any complaint on the civil docket of the United States District Court for the District of Massachusetts without first receiving permission to do so.

2. If Lu seeks to file a complaint on the civil docket of the United States District Court for the District of Massachusetts, he must file a written petition seeking leave to do so. The petition must contain (1) a copy of this Order; (2) a copy of the March 2002 Order; (3) the complaint sought to be filed; and (4) a certification, signed under the pains and penalties of perjury, that there is a good-faith basis for the filing.

3. When filing the petition, Lu must pay the fee for filing a matter on the Miscellaneous Business Docket or seek a waiver thereof.

4. If Lu files a petition that complies with these requirements (including paying the filing fee or seeking a waiver thereof), the clerk of court shall accept the documents, mark them received, and forward them, for action on the petition to a judge of this court authorized to act on matters on the Miscellaneous Business Docket of the court. If Lu files a petition that does not include all documents required in this order, the clerk may reject the papers.

5. This order does not enjoin Lu from effecting an appeal from this order.

6. A copy of this order shall be distributed to the clerk of court.

7. This Order does not modify the March 2002 Order.

**SO ORDERED.**

August 3, 2023

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE